CONDY CARNES v. THE STATE.

No. 3719.    Decided May 13, 1908.

**Local Option—Sufficiency of Evidence—Identity of Defendant.**

Where upon trial of a violation of the local option law there was some doubt as to whether the defendant was the man who sold the whisky, but the State's witness finally identified him as such, the defendant denying the sale; the verdict will not be disturbed.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*S. C. Coffee,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for violating the local option law.

The only question suggested for revision in this case is the want of sufficient evidence to justify the conviction. It is a matter of some doubt as to whether appellant was the man who sold the whisky, or that the transaction occurred at all. The State's witness, however, finally identified the appellant positively as the man who sold him the whisky. Appellant's testimony is well settled to the effect that he did not make the sale; was not present, had nothing to do with it; that at the time of the sale and on the evening of the alleged occurrence he and another party were going about the town making up a purse for a widow and her children who were in necessitous circumstances. Under our system of jurisprudence, the jury are the exclusive judges of the facts adduced on the trial, and the weight to be given the evidence, the credibility of the witnesses, etc. We would hardly be justified in setting aside this verdict for want of sufficient testimony, as the jury saw proper to credit that introduced by the State.

The judgment is, therefore, affirmed.

*Affirmed.*